Mamerto López Ruiz, Appellant, *v.* The Registrar of Property ·of Aguadilla, Respondent.

No. 1081.    Submitted January 18, 1941.—Decided February 3, 1941.

*Francisco A. González Suárez* for appellant.    The registrar appeared by brief.

Mr. Justice Travieso delivered the opinion of the Court.

Domingo López Román, married to Ramona Ruiz, died in the Ward Marías of Moca in the month of August, 1926, leav-

ing a will by which he designated as his heirs, his widow in the corresponding portion in usufruct and his children ·Atanacio, Hilario, Mamerto, Felícita, Juana and Ramona, in equal shares.

On August 1, 1927, there appeared before the Notary Alberto García Ducós of Aguadilla, the widow and children of the deceased, and they executed a deed of partition by which the following farm, among others, was adjudicated to Mamerto López Ruiz:

"G.—A farm situated in the Ward Marías of Moca, of two cuerdas, that is, seventy-eight ares, sixty-one centiares, bordering on the North with Central Coloso and Simplicio Jiménez, South and East with Nicasio López and West with Simplicio Jiménez. Free of liens and assessed at $102.12."

On December 12, 1939, Atanacio, Hilario and Mamerto López Ruiz, together with Simplicio Jiménez and the latter's wife, appeared in Moca, P. R. before Notary Francisco A. González Suárez. They set forth that Mamerto had sold the farm which had been adjudicated to him to Simplicio Jiménez and that it was necessary to record it in Mamerto's name so that Jiménez could in his turn, record his title in the registry. They stated for the purpose of explanation, that the above mentioned farm was recorded in the registry in the following manner: "bordering on the North and South with Nicasio López, on the East with Ramón Lorenzo and the Culebrinas River, on the West with a creek and Domingo López Román," but that when the farm was described in the deed of partition, other boundaries were set out, because they had changed; and they said furthermore that because of an involuntary omission it had not been stated that said farm was registered on the 16th page of the tenth volume of Moca in the Registry of Property of Aguadilla. To harmonize the discrepancy between the two descriptions they make a third one, which they call "the true description of said property," as follows:

"RURAL, in Marías, at Moca, two *cuerdas* in size, or seventy-eight ares and sixty centiares, bordering on the North, before, with Nicasio López, now with Central Coloso, Inc. and Simplicio Jiménez; on the South before and now with Nicasio López; on the East before with Ramón Lorenzano and the river, now with Nicasio López; on the West before with a creek and Domingo López, now with Simplicio Jiménez; free of liens and recorded on the 16th page of the tenth volume of Moca; assessed at $150."

The deed of partition was brought forward together with the aclaratory instrument, so that the above mentioned farm could be recorded in the name of Mamerto López Ruiz.

The registrar denied the registration for the following reasons:

"The registration of the farm which in this document is described under the letter 'G' as adjudicated to Mamerto López Ruiz, is denied for the following reasons: First, because the farm described under letter 'G' by its boundaries, can not be identified satisfactorily with farm No. 642 of the Municipality of Moca which appears described in the registry; and Second, because neither the will of Domingo López Román, nor a certificate of his death have been presented to this registry, nor have there been presented any certificates of the District Court of Aguadilla concerning the declarations of heirs to which this document refers, nor has there been presented to this registry the receipt for the inheritance tax to which the Political Code refers."

■ Mamerto López Ruiz filed an administrative appeal against the above mentioned ruling of the registrar. His contention with respect to the first ground of such decision is that as there appears from the registry a farm of two *cuerdas* recorded in the name of the testator, and as there does not appear in the deed of partition another farm of two *cuerdas*, it must be concluded that the two farms are the same; that although it is not stated in the deed of partition that the farm is recorded, neither is the contrary affirmed; that it can be easily seen that what happened was a slight error of the notary when he set down the boundaries; that

the explanation made by the heirs who are at present in the Island, is sufficient; that the other heirs are in the United States or have died.

The registrar replies that the description of the farm in the deed of partition agrees with that of the registry only with respect to one of the boundaries; that the fact that there appears in the registry a farm recorded in the name of the testator is not a conclusive presumption that it is the same farm mentioned in the deed of partition; that in the deed, neither the origin of the farm nor the volume and page of the registry in which it is recorded, nor its number, are stated. The registrar also argues that two of the boundaries which appear from the registry—the Culebrinas River on the East and the waters of the creek on the West—cannot be changed. The registrar refuses to acknowledge any merit to the aclaratory instrument, as in the same only three of the heirs appear.

In our opinion the registrar acted correctly when he refused to record said deed for the first reason set out in his ruling. See Galindo y Escosura, *Comentarios a la Ley Hipotecaria,* vol. 2, page 225.

██ Appellant alleges with respect to the second ground of the registrar's ruling, that the documents referred to by the registrar had already been presented on another occasion in the registry of property, in order to have another of the farms adjudicated to him recorded in his name, which was done in the books corresponding to Moca. And that as all of them had been classified by the then registrar, it did not have to be done again, as according to the jurisprudence, registrations once made have all the force of law and the registrars should follow them.

The registrar admits in his brief that the deed of partition had already been recorded with respect to other farms by the previous registrar; and he accepts that said recordings thus made with respect to other farms have all the force of *res judicata* and can only be annulled by the courts. But he

maintains that the recording to be effected now with respect to another farm, must be the result of the classification made by him according to Article 18 of the Mortgage Law.

We agree with the registrar. When a deed is presented for record, there should be presented with it and at the same time any other documents which may be legally required so that the registrar may effect a valid and sufficient record. It does not matter that those documents have alreay been presented to the registrar at the time of making other recordings. Each recording must rest upon its own merits. The registrar is not compelled to examine all the entries which refer to the person who sells or buys but only those which have been executed with respect to the same farm. See Galindo y Escosura, vol. 2, page 20.

The registrar is responsible for his own classifications and he could not excuse himself for an error committed by him alleging that he accepted as correct an erroneous classification made by his predecessor when effecting a previous recording. See Morell y Terry, volume 2, page 238.

The ruling appealed from must be affirmed.